13-3840, 13-3846, 13-3856
White v. Clark, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand fifteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    RALPH K. WINTER,
    SUSAN L. CARNEY,
        *Circuit Judge.*

_____

John H. White,

        *Plaintiff-Appellant,*

        v.                                                    13-3840

Jeffrey Clark, Correctional Officer, et al.,

        *Defendants-Appellees,*

Richard Rakoce, Sergeant, et al.,

*Defendants*.

_____

John White, A/K/A John H. White,
                    *Plaintiff-Appellant*,

            v.                                                          13-3846

Patricia L. Williams, Corrections Officer, Upstate
Correctional Facility, et al.,

                    *Defendants-Appellees*,

M. Kelsh, Corrections Lieutenant, Upstate
Correctional Facility, et al.,

                    *Defendants*.

_____

John White,
                    *Plaintiff-Appellant*,

            v.                                                          13-3856

P. Williams, et al.,

                    *Defendants-Appellees*,

R. MacWilliams, et al.,

                    *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:         John H. White, pro se, Malone, NY.

FOR DEFENDANTS-APPELLEES:         Martin A. Hotvet, Assistant Solicitor General, *for*
                                 Eric T. Schneiderman, Attorney General of the
                                 State of New York, Albany, NY.

2

Appeals from orders of the United States District Court for the Northern District of New York (Mordue, *J.*, Sharpe, *C.J.*). The appeals in 13-3840, 13-3846, and 13-3856 are consolidated for purposes of this summary order.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant John White, incarcerated and proceeding pro se, appeals from the district courts' orders denying preliminary injunctive relief in three separate, but related, actions filed pursuant to 42 U.S.C. § 1983. He sued prison officials, corrections officers, and medical staff alleging excessive force, deliberate indifference to serious risks to his safety, and inadequate medical care. His requests for preliminary injunctive relief were denied, and White appealed. *See White v. Clark*, No. 12-cv-986 (N.D.N.Y. Sept. 12, 2013); *White v. Kelsh*, No. 12-cv-1775 (N.D.N.Y. Sept. 13, 2013); *White v. Williams*, No. 12-cv-1892 (N.D.N.Y. Sept. 11, 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

A party seeking a preliminary injunction must demonstrate "that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010). We review denials of preliminary injunctions for abuse of discretion. *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). A district court has abused its discretion if it has: (1) based its ruling on an erroneous view of the law; (2) made a clearly erroneous assessment of the evidence; or (3) rendered a decision that cannot be located within the range of permissible decisions. *See, e.g.*, *id.*

3

We find no abuse of discretion in the district courts' findings that White failed to show a likelihood of success on the merits of his claims. We therefore affirm for substantially the reasons stated in the district courts' thorough and well-reasoned orders. We have considered White's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court. White's requests for a video teleconference and the appointment of counsel are **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk